[Cite as *State v. Daniels*, 2015-Ohio-3589.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 102407, 102410, 102411, and 102412**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LOUIS DANIELS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED; REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-14-582193-A, CR-14-583336-A, CR-14-582702-A,
and CR-13-579859-A

**BEFORE:** Kilbane, P.J., McCormack, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 3, 2015

**ATTORNEY FOR APPELLANT**

David L. Doughten
David L. Doughten Co. L.P.A.
4403 St. Clair Avenue
Cleveland, Ohio 44103

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Brett Hammond
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, P.J.:

{¶1} In this consolidated appeal, defendant-appellant, Louis Daniels ("Daniels"), appeals from his guilty plea and sentence in four separate criminal cases. Finding no merit to the appeal, we affirm but remand the matter for the issuance of a nunc pro tunc sentencing entry incorporating the consecutive-sentence findings the trial court made at the sentencing hearing into the sentencing journal entry.

{¶2} In November 2013, Daniels was charged in Cuyahoga C.P. No. CR-13-579859-A with burglary, theft, and criminal damaging. In February 2014, Daniels was charged in Cuyahoga C.P. No. CR-14-582193-A with burglary and theft. Daniels was also charged in Cuyahoga C.P. No. CR-14-582702-A with three counts of burglary, three counts of theft, two counts of vandalism, and one count of criminal damaging. In March 2014, Daniels was charged in Cuyahoga C.P. No. CR-14-583336-A with burglary and criminal damaging. The charges arise from six separate burglaries involving six separate victims.

{¶3} Pursuant to a plea agreement, Daniels pled to the following: (1) an amended count of burglary in Case No. CR-13-579859-A, with the remaining counts nolled; (2) an amended count of burglary in Case No. CR-14-582193-A, with the remaining count nolled; (3) two counts of burglary as indicted and one amended count of burglary in Case No. CR-14-582702-A, with the remaining counts nolled; and (4) one count of burglary as indicted in Case No. CR-14-583336-A , with the remaining counts nolled. The trial

court then referred Daniels for a presentence investigation report ("PSI") and a psychiatric mitigation report ("psychiatric report").

{¶4} The psychiatric report indicated that Daniels was not competent. As a result, the trial court ordered a competency evaluation, which determined that Daniels was not competent to stand trial, but competency could be restored within the statutory time frame allowed by law. The matter was transferred to the mental health docket in June 2014. On July 7, 2014, the parties waived their right to a hearing and stipulated to the findings in the psychiatric report. The court then found Daniels incompetent to stand trial and found that Daniels could be restored to competency within the statutory time frame if provided with a course of treatment and inpatient treatment at Northcoast Behavioral Healthcare ("Northcoast").

{¶5} On September 25, 2014, the trial court was notified by Northcoast that Daniels's competency was restored. In the report authored by Dr. Kapalczynski, he stated with reasonable medical certainty that Daniels is malingering incompetence and should be able to understand the nature and the objectives of the proceedings against him, and that he should be able to assist in his defense. Daniels was then referred back to county jail, and defense counsel requested an independent evaluation. The defense expert also found that Daniels was competent. On November 25, 2014, prior to sentencing, both defense counsel and the state of Ohio stipulated to the independent report that found Daniels competent.

{¶6} The trial court then proceeded with sentencing. The court sentenced Daniels to 24 months in prison in Case No. CR-13-579859-A, 24 months in Case No. CR-14-582193, three years in Case No. CR-14-582702, and three years in Case No. CR-14-583336. The court ordered that the prison terms be served consecutively for an aggregate sentence of ten years in prison. The court also ordered $10,075 in restitution to the victims.

{¶7} Daniels now appeals, raising the following two assignments of error for review.

Assignment of Error One

[Daniel's] sentence of 10 years is contrary to law as the record failed to support the need for multiple consecutive sentences.

Assignment of Error Two

[Daniel's] pleas of guilt are invalid because he was not competent to stand trial at the time of his acceptance of the plea bargain.

Sentence

{¶8} In the first assignment of error, Daniels argues his ten-year sentence is contrary to law, contending that the record fails to support the need for consecutive sentences under R.C. 2929.14(C)(4). Daniels believes that he should receive a sentence of less than ten years because of his mental health status.

{¶9} An appellate court may reverse, vacate, or modify a consecutive sentence if it clearly and convincingly finds that either (1) the record does not support the sentencing court's findings under R.C. 2929.14(C)(4) or (2) the sentence is otherwise contrary to

law.  R.C. 2953.08(G)(2).  A trial court is required to make specific findings under R.C. 2929.14(C)(4) prior to imposing consecutive sentences.  First, the court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender."  *Id.*  Second, the court must establish that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."  *Id.*  Finally, the trial court must find that at least one of the following apply:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶10} We note that "a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld."  *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.  Furthermore, talismanic incantations of the statute are not required, provided the necessary findings can be found in the record.  *Id.*

at ¶ 37. The Ohio Supreme Court has recognized that "finding" in this context "means only that 'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *Id.* at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 1999-Ohio-110, 715 N.E.2d 131.

**{¶11}** In the instant case, the trial court stated the following when ordering Daniels's sentences to be served consecutively:

> [T]he rule is the Court has discretion to impose consecutive sentences if it is necessary to protect the public and punish the offender and that it is not disproportionate.
>
> The Court finds, pursuant to [R.C.] 2929.14(C), that the crimes were committed while awaiting trial. The offenses that are documented in 582702, date of the offense, 1-24-14, the second offense, 1-24-14, and the third offense, 12-4-13, are all offenses that were committed after you had been indicted in Case Number 579859, while you were awaiting trial in that case.
>
> I do make the finding that the harm in these cases is so great and unusual that a single prison term is not going to adequately reflect the seriousness of the conduct.
>
> With regard to each of the counts, those represent individual victims that were unknown to the defendant and each count is unrelated to any other count that the defendant pled guilty to[.] Three of [the victims] all live together and it was their house or apartment that was burglarized and their individual property was taken. So though they're related by living together, they have no relationship to the defendant.
>
> Each of these cases happened at separate properties, though two of the properties happened on the same day.
>
> * * *

I do find as outlined already that your criminal history does show that consecutive terms are needed to protect the public, that in fact the crimes that were committed in these offenses are identical to the crimes that you've already pled guilty to and been punished for.

I do not find that a consecutive sentence is disproportionate to the crimes that have been committed by the defendant.

{¶12} This record demonstrates that the trial court complied with the statutorily mandated findings necessary for the imposition of consecutive sentences. The court found that consecutive terms were necessary to punish Daniels and to protect the community. The court also made the disproportionality finding. Further, it found that Daniels committed one or more offenses while awaiting trial and his criminal history demonstrated the need for consecutive terms.

{¶13} In light of the foregoing, we find that the trial court properly sentenced Daniels to consecutive terms. However, the trial court did not incorporate its findings into the sentence judgment entry, as required under *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 29.

{¶14} Therefore, the first assignment of error is overruled as it relates to the imposition of consecutive sentences. However, the case is remanded under *Bonnell* for the trial court to issue a nunc pro tunc sentencing entry incorporating its consecutive sentence findings.

<u>Guilty Plea and Competency</u>

{¶15} In the second assignment of error, Daniels argues his guilty pleas are invalid because he was not competent to stand trial at the time he accepted his plea bargain.

{¶16} A review of the record in the instant case reveals that Daniels entered into his guilty pleas on May 15, 2014. At the hearing, he voiced his concerns about entering into the plea and, after discussing his concerns with counsel, he decided to plead guilty. Then on June 16, 2014, the court psychiatric clinic completed a competency evaluation, in which the report states that Daniels is "presently" incompetent to stand trial, but his competency can be restored within the statutory time frame. As a result, his case was transferred to the mental health docket.

{¶17} On July 7, 2014, the parties stipulated to the findings in this report and Daniels was found incompetent to stand trial. The court ordered that Daniels complete inpatient treatment at Northcoast. Then on September 25, 2014, the trial court was notified by Northcoast that Daniels's competency was restored. The doctor stated with reasonable medical certainty that Daniels is malingering incompetence and should be able to understand the nature and the objectives of the proceedings against him, and that he should be able to assist in his defense. Daniels was returned back to county jail, and defense counsel requested an independent evaluation. The defense expert also found that Daniels was competent. On November 25, 2014, prior to sentencing, both defense counsel and the state of Ohio stipulated to the independent report that found Daniels competent.

{¶18} We note that while this court has reversed cases for failure to hold a competency hearing before accepting a guilty plea when a suggestion of incompetency is left undeveloped in the record, the record in the instant case does not support the

contention that Daniels was incompetent at the time of the guilty plea hearing, especially when the psychological evaluation Daniels relies on was completed one month after entering into his guilty pleas. *See State v. Macon*, 8th Dist. Cuyahoga No. 96618, 2012-Ohio-1828, ¶ 37. Moreover, at his hearing, the record demonstrates that Daniels voiced his concerns about entering into the plea, and he discussed his concerns with counsel prior to deciding to plead guilty. Additionally, Daniels did not raise the issue of competency at the guilty plea hearing or at sentencing. *State v. Martinez*, 8th Dist. Cuyahoga No. 101474, 2015-Ohio-1293, ¶ 17. Because the record does not support Daniels's contention that he was incompetent at the time of his guilty plea hearing, we find that his pleas were knowingly, voluntarily, and intelligently made.

**{¶19}** Accordingly, the second assignment of error is overruled.

**{¶20}** Judgment is affirmed. The case is remanded, however, for the limited purpose of having the trial court incorporate, nunc pro tunc, its consecutive-sentence findings in the sentencing entry.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____

MARY EILEEN KILBANE, PRESIDING JUDGE

TIM McCORMACK, J., and
EILEEN T. GALLAGHER, J., CONCUR